FILED

SEP 28 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| WILLIE L. WADE, | ) | |
| | ) | Civil No. 08-396-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN BELLEQUE, | ) | FINDINGS AND RECOMMENDATION |
| Superintendent, Oregon | ) | |
| State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

Patrick J. Ehlers
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

1 – FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Willie L. Wade brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his sentence for Robbery in the First Degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On March 1, 2000, the Multnomah County Grand Jury returned an indictment charging Wade with two counts of Robbery in the First Degree. Respondent's Exhibit 102. Thereafter, on August 23, 2000, the Multnomah County Grand Jury returned an additional indictment charging Wade with one count of Robbery in the First Degree and one count of Robbery in the Second Degree. Respondent's Exhibit 118. A jury convicted Wade on both counts of Robbery in the First Degree contained in the first indictment and the sentencing court imposed consecutive sentences of 90 and 130 months. Respondent's Exhibit 101. Regarding the second indictment, Wade pled guilty to one count of Robbery in the First Degree and the remaining count was dismissed. On that conviction, the trial court imposed a 90-month sentence: 89 months running concurrently with his prior sentence and one month running consecutively.[1] Id.

---

[1] The conviction and sentence relating to this second indictment are not at issue in this case.

2 - FINDINGS AND RECOMMENDATION

Wade directly appealed his sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. State v. Wade, 186 Or. App. 373, 64 P.3d 585 (2003), rev. denied, 335 Or. 578, 74 P.3d 112 (2003); Respondent's Exhibits 108-113.

Wade next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Wade v. Hill, Malheur County Circuit Court Case No. 03-08-3068-M. On appeal, the Oregon Court of Appeals affirmed the PCR trial court without a written opinion, and the Oregon Supreme Court denied review. Wade v. Hill, 206 Or. App. 238, 136 P.3d 757 (2006), rev. denied, 343 Or. 363, 169 P.3d 1268 (2007); Respondent's Exhibits 116, 131-136.

On March 27, 2008, Wade filed this action. In his Petition for Writ of Habeas Corpus, Wade raises the following grounds for relief:

> Ground One: The petitioner's sentence is unconstitutional and exceeds state [and] federal sentencing guidelines.
>
> Supporting Facts: The petitioner's sentence exceeds the state and federal sentencing guidelines by 221 months. The trial court Judge did not have authority to impose a durational departure in sentencing the petitioner.
>
> Ground Two: The post-conviction court erred in denying the petitioner an evidence/trial hearing.
>
> Supporting Facts: The court failed to give the petitioner a civil trial hearing to present evidence sufficient to prove petitioner's claim.[2]

---

[2] Petitioner's counsel advised the court it would not be addressing the claim set forth in Ground Two of the *pro se* petition

3 - FINDINGS AND RECOMMENDATION

Respondent asks the court to deny relief on the Petition because: (1) the challenge to the upward durational departure sentence on state-law grounds fails to plead a claim on which federal habeas relief may be granted; (2) the challenge to the sentence on constitutional grounds is procedurally defaulted and is without merit; (3) the court should not consider the ineffective assistance of counsel claims argued in the Supporting Memorandum because they are not in the *pro se* habeas petition; (4) the claim of ineffective assistance of appellate counsel is procedurally defaulted; and (5) any claims of ineffective assistance were correctly denied on the merits in a state-court decision entitled to deference and are without merit.[3]

## DISCUSSION

### I. Unargued Claim (Ground One)

Notwithstanding the fact that respondent has briefed petitioner's Ground One claim alleging that the trial court erred in imposing an upward departure sentence, Wade does not provide

---

because "the record indicates clearly that Petitioner did in fact receive a post-conviction trial." Motion for Extension of Time and Notice to the Court regarding Withdrawal of Respondent's Statute of Limitations Defense (#26), p. 3 (citing Respondent's Exhibit 130). The court finds petitioner's Ground Two claim is without merit and will not address it further.

[3] I note that respondent initially contended the petition should be dismissed on statute of limitations grounds, but later withdrew this defense. Motion for Extension of Time and Notice to the Court regarding Withdrawal of Respondent's Statute of Limitations Defense (#26).

4 - FINDINGS AND RECOMMENDATION

argument to support the merits of this claim. Instead he confines his argument to his contention that Wade's trial and appellate counsel were ineffective for failing to object to the trial court's imposition of an upward departure sentence and for failing to raise this issue on appeal. The court has nevertheless reviewed the record as to Wade's Ground One claim and determined that it would not entitle him to relief. See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

## II.  Improperly Raised Claims

In his supporting memorandum, petitioner asserts his trial and appellate attorneys were ineffective in failing to challenge the upward departure sentence imposed by the trial court under Apprendi v. New Jersey, 530 U.S. 466 (2000). Memorandum in Support (#28), p. 1. Petitioner did not raise these claims in his *pro se* Petition. Accordingly, they are not properly before the court. See Rule 2 of the Rules Governing § 2254 Cases (requiring all claims to be stated in the Petition, itself); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994)("A Traverse is not the proper pleading to raise additional grounds for relief. In order for the State to be properly advised of additional claims, they should be presented in an amended petition or . . . as a statement of additional grounds.")

5 - FINDINGS AND RECOMMENDATION

Moreover, for the reasons that follow, the court finds amendment of the petition to add these claims (even assuming, without deciding, that they relate back to Ground One), would be futile.

### A. Standard of Review

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court

may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id at 696.

A petitioner wishing to bring a Strickland claim based on his appellate attorney's failure to raise a particular claim must not

only show that the claim had merit, but must also demonstrate that the omitted claim was "clearly stronger than issues that counsel did present." Smith v. Robbins, 528 U.S. 259, 288 (2000).

### B. Application

At Wade's PCR trial, the PCR court stated:

> In so far as Blakely [v. Washington, 542 U.S. 296 (2004)] problems are concerned, Apprendi was not violated until the Blakely definition came into play. It was decided after this trial. The rule is not retroactive, and neither trial counsel nor appellate counsel can be faulted for not anticipating the Blakely decision. Both trial and appellate counsel were adequate, capable and effective. I see no problems, nor do I see any issues raised which would in anyway have changed the outcome of this trial. I -- the petition for post-conviction relief will be denied in its entirety....

Respondent's Exhibit 130, pp. 43-44.

As a preliminary matter, the Ninth Circuit has held that the Supreme court announced a new rule in Blakely that does not apply retroactively to cases on collateral review. See United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005); Schardt v. Payne, 414 F.3d 1025, 1034-36 (9th Cir. 2005); Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir.), cert. denied, 546 U.S. 944 (2005). Accordingly, this court cannot conclude that the PCR trial court's determination that Blakely does not apply retroactively is contrary to or an unreasonable application of clearly established Federal law as determined by the Supreme Court.

Moreover, Wade's argument that the trial court's imposition of an upward departure sentence was unconstitutional because it violated Apprendi is based on an application of the Apprendi rule

8 - FINDINGS AND RECOMMENDATION

that was not made clear until <u>Blakely</u> issued years after he was sentenced. In short, Wade argues that <u>Apprendi</u> required a jury to find enhancement factors beyond a reasonable doubt, and even if that requirement was unsettled at the time of his sentencing, his trial and appellate counsel provided ineffective assistance when they failed to object to the enhancement and failed to raise it as an issue on appeal. Wade's arguments notwithstanding, it is clear that, at the time of Wade's sentencing, the trial court did not contravene federal law in imposing an enhanced sentence.

Under the rule of <u>Apprendi</u>, "[o]ther than the fact of a prior conviction, any fact that increase[s] the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490.

At the time of Wade's sentencing, Oregon courts applying <u>Apprendi</u> understood the applicable "statutory maximum" for felonies to consist of terms set forth in Or. Rev. Stat. § 161.605, which set maximum terms of imprisonment for various classes of felonies. See, e.g., <u>State v. Dilts</u>, 39 P.3d 276 (Or. App. 2002), <u>aff'd</u> 82 P.3d 593 (Or. 2003), vacated by <u>Dilts v. Oregon</u>, 542 U.S. 934 (2004). For Robbery in the First Degree, the "statutory maximum" was 20 years under that standard. Then-current Supreme Court authority reaffirmed the role of judicial fact finding in sentencing as long as the sentence did not exceed statutory limits. See, e.g., <u>Apprendi</u>, 530 U.S. at 481 ("nothing in this history suggests that it is impermissible for judges to exercise

9 - FINDINGS AND RECOMMENDATION

discretion-taking into consideration various factors relating both to offense and offender-in imposing a judgment within the range prescribed by statute.").

The meaning of "statutory maximum" for Apprendi purposes changed in 2004 with the clarification of Apprendi in Blakely v. Washington, 542 U.S. 296 (2004). The defendant in Blakely pleaded guilty to kidnapping and use of a firearm. Blakely, 542 U.S. at 298-99. Like Oregon's sentencing guidelines, those at issue in Blakely established a presumptive sentence for a particular crime. Id. at 300. Both schemes also permit the sentencing court to impose a sentence above the standard range based on certain findings that would justify a departure. In Blakely, the standard range for the crime of which defendant pleaded guilty was 49 to 53 months. Finding that the defendant had acted with "deliberate cruelty" (one of several enumerated grounds for departure) the trial court departed upward to 90 months. Id.

The defendant argued that imposing a sentence in excess of the standard-range maximum under the state sentencing guidelines, based on facts not found by a jury, violated his jury trial and due process rights. The state contended that the relevant statutory maximum for Apprendi purposes was the 10-year maximum for Class B felonies and not a standard-range maximum under the state sentencing guidelines. Id. at 302.

The Court rejected the state's argument and set forth a definitive measure of "statutory maximum" for Apprendi purposes:

10 - FINDINGS AND RECOMMENDATION

> Our precedents make clear * * * that the "statutory maximum" for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

<u>Id</u>. at 303-04.

In the wake of <u>Blakely</u>, the Oregon Supreme Court adjusted its understanding of "statutory maximum" accordingly, so that the presumptive sentence under the guidelines, rather than the maximum penalties for various classes of felonies under Or. Rev. Stat. § 161.605, set the ceiling beyond which enhancement factors must be proved to a jury beyond a reasonable doubt. <u>State v. Dilts</u>, 103 P.3d 95 (Or. 2004). In the same month, Oregon courts clarified that enhancement of a sentence based on a finding of "persistent involvement" required a jury determination, rather than a review of the bare facts of a defendant's prior crimes. <u>State v. Perez</u>, 102 P.3d 705 (Or. App. 2004), <u>rev'd</u> on other grounds, 131 P.3d 168 (Or. 2006).

<u>Blakely</u>'s clarification of the term "statutory maximum" resulted in a significant change from Oregon sentencing as it had been conducted post-<u>Apprendi</u>. See <u>Peralta-Basilio v. Hill</u>, 126 P.3d 1 (Or. App. 2005), <u>rev. denied</u>, 132 P.3d 1056 (Or. 2006)(discussing effect of <u>Blakely</u>). The fact that no post-<u>Apprendi</u> federal circuit court of appeals decided issues analogous to those presented in <u>Blakely</u> in the way that the Supreme Court

11 - FINDINGS AND RECOMMENDATION

finally did exemplifies <u>Blakely</u>'s unforeseeability. <u>Id</u>. at 3 (collecting cases).

As noted above, Wade was sentenced years prior to <u>Blakely</u>'s clarification of <u>Apprendi</u>'s "statutory maximum" term. In view of this time line, I cannot agree with Wade that his sentence was unconstitutional because it was imposed in violation of <u>Apprendi</u> as it was understood prior to <u>Blakely</u>. Moreover, for purposes of the <u>Strickland</u> test, the reviewing habeas court evaluates a trial attorney's conduct "as of the time of counsel's conduct." 466 U.S. at 690. Here, hindsight can be especially distorting. As noted above, at the time of Wade's sentencing, <u>Blakely</u> had not yet been decided, and, in the case of felonies, the "statutory maximum" for <u>Apprendi</u> purposes was not yet clarified to take the meaning that it did post-<u>Blakely</u>. At post-conviction, Wade argued <u>Blakely</u> should apply retroactively to cases on collateral review. He also suggested that his trial and appellate attorneys should have argued at trial that the "statutory maximum" for <u>Apprendi</u> purposes was the presumptive sentence under Oregon's presumptive guidelines. Respondent's Exhibit 130, pp. 2-3; 28-31. In light of the legal context at the time, however, it is not error to conclude that such expectation would exceed the standard of professional care required under <u>Strickland</u>.

Accordingly, Wade cannot demonstrate that the PCR trial court's determination that petitioner was not denied the right to

12 - FINDINGS AND RECOMMENDATION

effective assistance of trial and appellate counsel is contrary to, or an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due October 13, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice

13 - FINDINGS AND RECOMMENDATION

of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 28th day of September, 2009.

　　　　　　　　　　　　　　　／s／ Paul Papak
　　　　　　　　　　　　　　　Paul Papak
　　　　　　　　　　　　　　　United States Magistrate Judge

14 - FINDINGS AND RECOMMENDATION